**Enrique XOLETL, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 02–3499.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 28, 2003.

Decided Jan. 8, 2004.

John D. Perez, Newark, NJ, for Petitioner.

William C. Minick, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before SCIRICA, Chief Judge,
NYGAARD, and AMBRO, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant Enrique Xoletl seeks reversal of a decision by the Board of Immigration Appeals ("BIA"), upholding a final order of removal issued by an Immigration Judge and denying Xoletl's petition to reopen. Although we are sympathetic to the hardship that deportation will likely have on Xoletl and his family, this Court finds no alternative but to uphold the decision of the BIA. We will therefore affirm.

I.

A native of Mexico, Xoletl entered the United States without inspection on June 20, 1988, with his wife and oldest son. He has resided here continuously since this date, and two of his children were born in the United States, and are therefore U.S. citizens. On June 15, 1994, the former Immigration and Naturalization Service ("INS") issued an Order to Show Cause, charging Xoletl with deportability as an alien who entered the United States without inspection, under 8 U.S.C. § 1251(a)(1)(B) (1994) (current version at 8 U.S.C. § 1227(a)(1)(B) (2003)). Xoletl concedes that he received this Order to Show Cause, which contains the following language in both English and Spanish:

You are required to provide written notice, within five (5) days, of any change in your address or telephone number to the office of the Immigration Judge listed in this notice. Any notices will be mailed only to the last address provided by you.... If you fail to appear at the scheduled deportation hearing, you will be ordered deported *in your absence* if it is established that you are deportable and you have been provided the appropriate notice of this hearing.

A.R. 121 (emphasis in original).

The Order to Show Cause, which did not set a hearing date, was also delivered with a cover sheet entitled "Important Notice," giving the address of the Office of the Immigration Judge and instructing Xoletl to:

Notify the Immigration Court of any changes of your address and telephone number immediately. Failure to provide the Court with such information may result (sic) having your hearing held without your being there. It may also result in an Exclusion or Deportation Order being entered against you in your absence.

A.R. 118.

Sometime after his receipt of the Order to Show Cause, Xoletl moved, and therefore did not receive the notice of his hearing date.[1] He failed to appear for his March 23, 1995 deportation hearing and was ordered deported to Mexico *in absentia,* in accordance with 8 C.F.R. § 3.26 (1995) (current version at 8 C.F.R. § 1003.26 (2003)).

More than five years later, on October 29, 2001, Xoletl filed a motion to reopen his proceedings before the immigration court, claiming that he was eligible for an adjust-

---

1. The Immigration Judge found that the Notice of Hearing had been sent to Xoletl by certified mail February 6, 1995, and had been returned undeliverable on February 9, 1995, stamped "Moved Left No Address." A.R. 40.

ment of status because his petition for an employment-based visa had been approved. The Immigration Judge denied Xoletl's motion as untimely pursuant to 8 C.F.R. § 3.23(b)(1) (2001) (current version at 8 C.F.R. § 1003.23(b)(1) (2003)). In consideration of Xoletl's contention that he did not receive notice of his hearing date, the Immigration Judge also treated Xoletl's motion as a motion to rescind his *in absentia* order of deportation. The judge rejected this motion as well, however, finding that Xoletl's explanation for his failure to appear was "unpersuasive." A.R. 42. "It appears that Xoletl intentionally ignored the (Order to Show Cause) for many years until he became eligible to apply for permanent residence." *Id.*

Xoletl appealed to the BIA, which affirmed the decision of the Immigration Judge on August 15, 2002. The BIA found that Xoletl had received his Order to Show Cause and failed to provide the immigration court with his new address when he moved. It rejected his motion to reopen because of an adjustment of status as untimely. This decision is now before us on appeal.

## II.

Xoletl challenges a BIA decision issued after October 31, 1996, involving a case in which deportation proceedings were initiated before April 1, 1997. As such, this Court's jurisdiction is controlled by the transitional rules for judicial review set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104–208, § 309, 110 Stat. 3009 (codified at 8 U.S.C. § 1228). Under these rules, we have jurisdiction to consider Xoletl's timely petition for review. We review the BIA's denial of a motion to

reopen for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 322, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

■ A deportation order made *in absentia* may be rescinded only through a motion to reopen that demonstrates exceptional circumstances or lack of notice. 8 C.F.R. § 3.23(b)(4)(iii). Xoletl is able to demonstrate neither. The regulation in effect at the time of Xoletl's deportation hearing provided that "Written notice to the respondent at the most recent address contained in the Record of Proceeding shall be considered sufficient for purposes of this section." 8 C.F.R. § 3.26(c) (1995) (similar provision now found at 8 C.F.R. 1003.26(d)). The hearing notice is considered properly served if it is mailed to the last address provided by the alien—actual receipt by the alien is not required. *See Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997).

Xoletl contends that he did not receive a hearing notice because he had moved from the address where he received the Order to Show Cause. He concedes, however, that he received the Order to Show Cause, along with all its attendant warnings about providing the immigration court with a current address.[2] Xoletl argues that the change-of-address requirement was satisfied by the attorney representing him in the labor certification process, when that attorney submitted Xoletl's change of address to the INS. This notification, however, was insufficient to inform the immigration court of the change, since it is a separate and distinct government agency, and the Order to Show Cause specifically requires that a change of address be filed with the "immigration court."

---

**2.** Although the Order to Show Cause indicates that a hearing will be scheduled to decide if Xotetl is deportable, Xotetl apparently did not

even inquire about the status of these proceedings for five years.

■ Xotetl's claim that his labor certification attorney was ineffective by failing to appropriately provide the change of address is to no avail. First, that attorney did not ever enter an appearance on behalf of Xotetl before the immigration court, and there is nothing in the administrative record to suggest that this attorney actually represented Xotetl in deportation proceedings. Second, Xotetl did not raise a claim of ineffectiveness of counsel before the BIA, and has thus failed to exhaust his administrative remedies. Exhaustion of administrative remedies is required before this Court will exercise jurisdiction, and therefore we may not consider Xotetl's claim of ineffectiveness of counsel. *Bak v. INS,* 682 F.2d 441, 442 (3d Cir.1982).

■ Xotetl also contends in his motion to reopen that he is eligible for an adjustment of status because since the time of his deportation hearing he has been approved for an employment-based visa. This motion to reopen, however, was filed more than five years after the regulatory deadline, which was 90 days after his final order of removal. 8 C.F.R. § 3.23(b)(1). This Court can not find that the BIA abused its discretion in failing to consider a claim that was filed five years too late.

### III.

Xotetl has failed to show any of the requirements necessary for granting either a motion to reopen or a motion to rescind deportation *in absentia.* Therefore, the BIA did not abuse its discretion in denying these motions and upholding Xotetl's order of deportation.